184 Pa. Superior Ct. 228 (1957)
Pennsylvania Railroad Company, Appellant,
v.
Pennsylvania Public Utility Commission.
Superior Court of Pennsylvania.
Argued March 22, 1957.
June 11, 1957.
*229 Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P.J., absent).
Windsor F. Cousins, with him Charles E. Mechen, and Basil S. Cole, for railroad, appellant.
Howard L. Criden, Assistant Counsel, with him Thomas M. Kerrigan, Acting Counsel, for Public Utility Commission, appellee.
G. Levering Arnhold, for intervening appellees.
OPINION BY GUNTHER, J., June 11, 1957:
The Pennsylvania Railroad Company proposed to withdraw the ticket agents at four of its stations. On the Chestnut Hill Branch there are eleven stations, all but two of which are served by ticket selling agents. In addition, tickets can be purchased at two downtown stations. Chestnut Hill in the Germantown area is not too well patronized and its operation results in a loss in excess of $100,000.00 annually. Under the Company *230 plan, there would be five stations on the line over a distance of six and one-half miles at which tickets could be purchased. Under the proposed plan the company would reduce its losses by $18,000.00 annually without any inconvenience to the public. Ten patrons testified that they would be inconvenienced by the closing of two of the stations; that they would be inconvenienced in dealing with other local agents, and in purchasing tickets on the train. They testified that the waiting rooms would not be properly maintained without an agent. At the present time, the record shows that the agents are there only a third of the day and not at all on weekends.
The Commission denied the application, Commissioner Conly did not vote and Commissioner Houck dissented. The appeal before us is from that refusal.
The Upsal, Tulpehocken, Allen Lane, and St. Martins Stations are all within the City of Philadelphia. The Pennsylvania Railroad is not the only transportation agency furnishing passenger service in this territory. Reading Company operates a parallel line. The Philadelphia Transportation Company operates several trolley car and bus routes. It is proposed to remove the agents at these four stations, but the facilities will remain open for the convenience of the patrons. The four stations involved are responsible for less than 30 per cent of the total revenue received at all agency stations on the line. Appellant testified that for the year 1955, the Company's deficit for passenger service was $49,976,138. Exhibits also show that the out-of-pocket passenger service losses on the Chestnut Hill Branch amounted to $122,633.00. In 1945 the Chestnut Hill Branch carried 3,486,133 passengers, while in 1955 the number went down to 1,692,121. The passenger service is now being subsidized by the revenue received from the freight carrying business.
*231 Applicant's witnesses testified that during 1955, 93 per cent of the Company's gross passenger revenue was absorbed by the cost of transportation, equipment, crew wages, power, and fuel, exclusive, however, of agent's wages. The revenues at the four stations ranged from $27,993.00 at Tulpehocken to $58,954.00 at Upsal. Considering the cost of transportation, crew, and fuel, the amount remaining was less than the agent's wages. The four stations, no doubt, are subsidized by revenues from the general system.
The important factors meriting consideration in eliminating a passenger agency are accessibility of other stations, the ratio of cost of maintaining the stations to revenues received and the inconvenience to the public. These pertinent factors are clearly discussed in Rydal-Meadowbrook Assn. v. Pa. P.U.C., 173 Pa. Superior Ct. 380, 98 A. 2d 481 where President Judge RHODES said: "an important test in these cases is whether the cost of maintaining the agency is out of proportion to the benefit and the convenience to the public as a whole." A review of the record indicates that the same set of factors and circumstances exist in both cases. In the Rydal case the Commission granted the application and this Court affirmed.
From the standpoint of benefit to the public as a whole it is a known fact that the deficit incurred by passenger service is one of the factors which tend to increase passenger fares. We agree with applicant's argument that under the circumstances of these cases reduction of passenger agents should be encouraged provided it can be done without any substantial inconvenience to the public.
After reviewing the evidence as presented by the applicant and the protestants, we conclude that the findings and conclusions of the Commission were not *232 supported by substantial evidence and therefore are unreasonable.
The Appellant should have the right to withdraw the passenger agents from the four stations involved in the application. The withdrawal, judging from the record, will not inconvenience the patrons or impair the service in any substantial way.
The order of the Commission is reversed.