193 Pa. Superior Ct. 636 (1960)
New York Central Railroad Company, Appellant,
v.
Pennsylvania Public Utility Commission.
Superior Court of Pennsylvania.
Argued September 14, 1960.
November 16, 1960.
Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P.J., absent).
*637 Paul Silberblatt, with him Bell, Silberblatt & Swoope, for appellant.
Anthony L. Marino, Assistant Counsel, with him S. Maxwell Flitter, Assistant Counsel, and Joseph I. Lewis, Chief Counsel, for Pennsylvania Public Utility Commission, appellee.
OPINION BY WATKINS, J., November 16, 1960:
This appeal involves the application of The New York Central Railroad Company for approval by the Pennsylvania Public Utility Commission of a change in the status of its station at Karthaus, Karthaus Township, Clearfield County, Pennsylvania, from that of an agency freight station to that of a nonagency carload only freight station. The original application was filed by the railroad company in August of 1959 and was denied on May 16, 1960. A petition for rehearing and modification was filed on June 1, 1960 and denied by the commission's order dated June 27, 1960.
At the hearing on the original petition which was held on December 2, 1959, the only protestant to appear and give testimony was a representative of the Curtiss-Wright Corporation on behalf of its Curon Division at Quehanna, Pennsylvania. The order of the commission refusing the petition is largely based on this testimony, and the conclusion of the commission of the necessity of rail service and in particular less *638 than carload (L.C.L.) services for the newly established company.
However, the petition for rehearing, sets forth as its reason the necessity for the petitioner, in view of the commission's order, to present additional testimony concerning car and L.C.L. shipments by Curtiss-Wright Corporation.
This Court has held that it will not disturb the conclusions of the commissions unless they are capricious, arbitrary or so unreasonable as to amount to an error of law, and that it is not the function of the Court to sit as a super administrative board of review. Bridgewater Boro. v. Pa. P.U.C., 181 Pa. Superior Ct. 84, 99, 124 A. 2d 165 (1956).
The factors to be considered in eliminating an agency are accessibility to other stations; the ratio of cost of maintaining the station to revenue received and the necessity for and inconvenience to the public as a whole. Pa. Railroad Co. v. Pa. P.U.C., 184 Pa. Superior Ct. 228, 132 A. 2d 887 (1957); Reading Company v. Pa. P.U.C., 191 Pa. Superior Ct. 635, 159 A. 2d 61 (1960). The decision of the commission in this case seems to have been determined by the weight it gave, and properly so, to the testimony of the protestant, the Curtiss-Wright Corporation. It dealt almost solely with L.C.L. shipments at this location. As the order stated, "The witness further testified that the corporation has been established at this location less than four years and anticipates tripling its 1959 shipping requirements during 1960 and that much of this increased business will be L.C.L. movements."
We all recall the publicity fanfare that met the announcement of the establishment of this project in Pennsylvania and the commission was most certainly justified in making sure that every consideration was given this protestant's desire for adequate railroad *639 transportation service. But we must also consider the plight of modern railroads which is so well set forth in Reading Co. v. Pa. P.U.C., supra, at page 636, where this Court quoted with approval Atlantic Coast Line R. Co. v. Public Service Commission, 77 F. Supp. 675, 685, 686.
The dismissal of the original order was based on testimony taken on December 2, 1959. However, the petition for rehearing was denied on June 29, 1960 and this petition was based on a request to present further testimony concerning the railroad business from the Curtiss-Wright project. Most certainly when the refusal of the original petition was based on the weight given to the testimony that Curtiss-Wright "anticipated tripling its 1959 shipping requirements during 1960" and that most of this increased business will be L.C.L. movements, the testimony that the applicant wanted to present at the rehearing could very well have affected the factors that the commission must have considered in determining the matter. This is especially true as we gather from the oral argument and from the public press that the great hopes that were originally engendered by the Curtiss-Wright project have been dashed and the "anticipated tripling" of its 1960 shipping requirements has not materialized.
We believe, therefore, that the commission erred in not granting the petition for a rehearing, when more complete information would have been available as to the 1960 and future railroad requirements of Curtiss-Wright, upon whose testimony the commission placed so much weight in exercising administrative power in refusing the original petition for the change in status.
We remand the record to the commission and direct it to take such additional testimony as the petitioner may desire to set forth in support of its position.